UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

EDWIN ANDRADE HERNANDEZ,                                    Civil Action No.

                                Plaintiff,

        -against-

BLUE STAR CARPENTRY CORP., KELLEY DECKING
& CARPENTRY, LLC, KEVIN FLORINDO, and
CHRISTOPHER KELLEY,

                                Defendants.

-----------------------------------------------------------------------X

## COMPLAINT

Plaintiff, EDWIN ANDRADE HERNANDEZ ("Plaintiff"), as and for his Complaint against Defendants, BLUE STAR CARPENTRY CORP. ("Blue Star"), KELLEY DECKING & CARPENTRY, LLC ("Kelley Decking"), KEVIN FLORINDO ("Florindo"), and CHRISTOPHER KELLEY ("Kelley") (collectively "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to his employment with Defendants.

2.      Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult male currently residing in the State of New York.

6.      Plaintiff is a former employee of Defendants.

7.      Defendant Blue Star is a domestic business corporation duly organized and existing under the laws of the State of New York.

8.      Defendant Kelley Decking is a domestic limited liability company duly organized and existing under the laws of the State of New York.

9.      Blue Star and Kelley Decking maintain places of business in Farmingdale, New York.

10.      Upon information and belief, at all relevant times, Blue Star and Kelley Decking maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

11.      Upon information and belief, Defendant Florindo is a resident of the State of New York.

12.      Florindo is the Chief Executive Officer of Blue Star.

13.      Upon information and belief, at all relevant times, Florindo was and continues to be an owner, corporate officer, director, and/or managing agent of Blue Star.

2

14.     Upon information and belief, at all relevant times, Florindo exercised operational control over Blue Star, controlled significant business functions of Blue Star, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Blue Star in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

15.     Upon information and belief, at all relevant times, Florindo participated in running the daily operations of Blue Star and its decking business.

16.     Upon information and belief, at all relevant times, Florindo participated in the management and supervision of Plaintiff and his work for Blue Star.

17.     As such, Defendants Blue Star and Florindo are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

18.     Upon information and belief, Defendant Kelley is a resident of the State of New York.

19.     Kelley is the Chief Executive Officer of Kelley Decking.

20.     Upon information and belief, at all relevant times, Kelley was and continues to be an owner, corporate officer, director, and/or managing agent of Kelley Decking.

21.     Upon information and belief, at all relevant times, Kelley exercised operational control over Kelley Decking, controlled significant business functions of Kelley Decking, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Kelley Decking in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

22.     Upon information and belief, at all relevant times, Kelley participated in running the daily operations of Kelley Decking and its decking business.

23.    Upon information and belief, at all relevant times, Kelley participated in the management and supervision of Plaintiff and his work for Kelley Decking.

24.    As such, Defendants Kelley Decking and Kelley are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

25.    Blue Star owns and operates a decking company in Farmingdale, New York.

26.    Kelley Decking owns and operates a decking company located in Farmingdale, New York.

27.    Plaintiff was employed as a laborer for the benefit of and at the direction of Defendants.

28.    Plaintiff was employed by Defendants from on or about June 3, 2021 to on or about April 3, 2023.

29.    From June 2021 to the middle of November 2021, Plaintiff worked six (6) days a week from 6:30 a.m. to 6:30 p.m. without any uninterrupted meal breaks of more than fifteen (15) minutes.

30.    During this time, Plaintiff worked 72 hours each week.

31.    From the beginning of March 2022 until the middle of November 2022, Plaintiff worked six (6) days a week from 6:30 a.m. to 6:30 p.m. without any uninterrupted meal breaks of more than fifteen (15) minutes.

32.    During this time, Plaintiff worked 72 hours each week.

33.    From the middle of November 2022 to April 2023, Plaintiff worked five (5) days a week from 7:30 a.m. to 5:00 p.m. without any uninterrupted meal breaks of more than fifteen (15) minutes.

34.     During this time, Plaintiff worked 47.5 hours each week.

35.     From June 2021 to November 2021, Defendants paid Plaintiff $160.00 a day.

36.     From March 2022 to April 2023, Defendants paid Plaintiff $180.00 a day.

37.     During his employment, Defendants failed to pay Plaintiff time-and-one-half his regular rate of pay for all hours that he worked in excess of 40 each week.

38.     During his employment, Defendants failed to pay Plaintiff overtime compensation for all hours that he worked in excess of 40 each week.

39.     During his employment, Defendants failed to pay Plaintiff spread of hours compensation for any days that his spread of hours exceeded ten (10).

40.     During his employment, Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

41.     During his employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL section 195(1).

42.     Florindo and Kelley participated in the decision to hire Plaintiff.

43.     Florindo and Kelley participated in deciding the job duties that Plaintiff performed on a daily basis.

44.     Florindo and Kelley participated in the daily supervision of Plaintiff's job duties and responsibilities.

45.     Florindo and Kelley participated in setting Plaintiff's work schedule.

46.     Florindo and Kelley participated in deciding the hours that Plaintiff worked each week.

47.     Florindo and Kelley participated in deciding the manner in which Plaintiff was paid.

48.    Florindo and Kelley participated in deciding the compensation Plaintiff was paid.

49.    Florindo and Kelley participated in running the day-to-day operations of Defendants Blue Star and Kelley Decking during Plaintiff's employment.

50.    Defendants managed Plaintiff's employment, including the amount of time worked and the rates that he was paid.

51.    Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

52.    Defendants were aware of Plaintiff's work hours and rates of pay but failed to pay him the proper wages to which he was entitled under the law.

53.    Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

54.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

55.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

56.    Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants Blue Star and Kelley Decking are enterprises engaged in commerce or in the production of goods for commerce.

57.    At all times relevant to this Complaint, Defendants Blue Star and Kelley Decking had, and continue to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled materials and equipment that originated outside of the State of New York.

58.    Upon information and belief, the gross annual volume of sales made or business done by Defendants Blue Star and Kelley Decking for the years 2021 and 2022 was not less than $500,000.00.

59.    At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

60.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

61.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

62.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

63.    However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant periods of his employment.

64.    Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

65.    Defendants did not act in good faith with respect to the conduct alleged herein.

66.    As a result of Defendants' violations of the FLSA, Martinez has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

67.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

68.    At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

69.    Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

70.    By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

71.    By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

72.    Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

73.    Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

74.     Defendants did not act in good faith with respect to the conduct alleged herein.

75.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**<u>FAILURE TO PROVIDE WAGE NOTICES</u>**

76.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77.     Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

78.     Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

79.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

9

### COUNT IV
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

80.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81.     Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

82.     Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

83.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

### COUNT V
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLES 6 AND 19
### FAILURE TO PAY SPREAD OF HOURS COMPENSATION

84.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

85.     In violation of the NYLL and the Regulations pertaining thereto, Defendants have failed to pay Plaintiff an additional hour of pay when the spread of hours between the beginning and end of his workday exceeded ten (10) hours.

86.     Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

87.     Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

88.     Defendants have not acted in good faith with respect to the conduct alleged herein.

89.     As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

90.     As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demand judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.     Declare and find that Defendants committed one or more of the following acts:

   1.     Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

   2.     Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and spread of hours compensation;

   3.     Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices;

   4.     Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

B.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award statutory damages under the NYLL;

E.    Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       June 22, 2023

_____
Justin M. Reilly, Esq.
The NHG Law Group, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
justin@nhglaw.com